# IN THE COURT OF APPEALS OF IOWA

No. 23-0318
Filed April 26, 2023

**IN THE INTEREST OF K.W.,**
**Minor Child,**

**R.P., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

        The father appeals the termination of his parental rights to his child.
**AFFIRMED.**

        John J. Bishop, Cedar Rapids, for appellant father.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Julie Gunderson Trachta of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

        Considered by Schumacher, P.J., Buller, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

The juvenile court terminated the father's parental rights to five-year-old K.W. under Iowa Code section 232.116(1)(b) (abandonment or desertion) and (e) (failure to maintain significant and meaningful contact) (2022).[1] The father appeals, arguing the loss of his rights is not in K.W.'s best interests. We review termination proceedings de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

At the time of K.W.'s removal from the mother's care in June 2022, the father was not a part of K.W.'s life and was unaware of his paternity. But the mother gave the Iowa Department of Health and Human Services the father's name, reporting she had no other information on him and had no contact with him since she was four months pregnant. The State included the father in the child-in-need-of-assistance petition for K.W., and he was served the petition in county jail on June 16. A couple weeks later, the father participated in a buccal swab, and in July, he was confirmed as K.W.'s biological father. At the time of the termination trial more than six months later, the father had still not met or spoken to K.W. He had not participated in services through the department and was back in county jail with pending charges for domestic abuse assault and burglary. At the termination trial, the father testified that he spent more time incarcerated than out in the community since K.W.'s birth. There was no evidence when the father's current charges may be resolved or if he would obtain release on bond. Accordingly, the father recognized he could not take over caring for K.W. And he testified he supported K.W. staying with the child's half-brother in the home of the

---

[1] The mother's parental rights were also terminated. She does not appeal.

half-brother's father. The half-brother's father is the person K.W. knows as his father, and he was both approved to be an adoptive parent and intended to adopt K.W.

K.W. does not know or have a relationship with the father and, even if he did, it is unclear when—if ever—the father could provide the care K.W. needs. In contrast, the person K.W. knows as his father is prepared to adopt him, which will give K.W. permanency and allow him to continue to grow up with his half-sibling. *See* Iowa Code § 232.116(2)(b). We recognize the father had only a limited window of time in which to forge a relationship with K.W., but "we cannot deprive [K.W.] of permanency after the State had proved a ground for termination under section 232.116(1)" based on the hope the parent will "be able to provide a stable home for the child" at some point in the future. *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). We refuse to ask K.W. to wait any longer.[2] *See In re D.W.*, 791 N.W.2d 703, 708 (Iowa 2010) ("We do not gamble with the children's future by asking them to continuously wait for a stable biological parent, particularly at such tender ages." (altered for readability)).

Using the best-interests analysis provided by our legislature, *see* Iowa Code § 232.116(2), we conclude termination of the father's parental rights is in K.W.'s best interests. We affirm.

**AFFIRMED.**

---

[2] Insofar as the father is asking for additional time under section 232.104(2)(b), we cannot say the father could take over caring for K.W. if given six more months.